UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDY L. BOND,

    Plaintiff,

  v.

Case No. 19-cv-970-pp

STATE OF WISCONSIN,
WAUKESHA CHILD PROTECTIVE SERVICES,
MEGAN FISHLER, MAGGIE SUTTON, and DAN P. MURRAY ,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND DISMISSING CASE**

This is the plaintiff's third lawsuit against Waukesha Child Protective Services, Maggie Sutton and others regarding the placement of her son in the foster care system. In this complaint, the plaintiff alleges that Waukesha County "abused power and illegally removed [her] son from [her] custody for reporting a possible child molester." Dkt. No. 1. She asks the court to "issue an order to cease and assist [sic] the illegal chips petition, and address the abuse of power and harassment implemented by Maggie Sutton and Waukesha child protective services." Id. at 4. The plaintiff speculates the that the actions "may or may not be linked to racial or sexual discrimination" because she is an African American female. Id.

The plaintiff has filed seven cases in the Eastern District of Wisconsin since 2017—five have been dismissed. Bond v. Milwaukee Police Dep't. *et al.*,

Case No. 19-cv-30 (E.D. Wis. Feb. 13, 2019); <u>Bond v. Sutton</u> *et al.*, Case No. 19-cv-29 (E.D. Wis. Feb. 13, 2019); <u>Bond v. City of Waukesha Police Dep't. *et al.*</u>, Case No. 18-cv-1624 (E.D. Wis. Nov. 16, 2018); <u>Bond v. City of Milwaukee Police Dept. *et al.*</u>, Case No. 18-cv- 402 (E.D. Wis. May 29, 2018); <u>Bond v. Wis. Hosp. Grp. *et al.*</u>, Case No. 17-cv-114 (E.D. Wis. Jan. 31, 2017). Two of the cases included allegations virtually identical to this case. <u>Bond v. Sutton</u> *et al.*, Case No. 19-cv-29; <u>Bond v. City of Waukesha Police Dep't. *et al.*</u>, Case No. 18-cv-1624.

The plaintiff concedes that the allegations in this case have been dismissed in the past, but she asserts that the news that a Waukesha County child protective services social worker was arrested and accused of child pornography and molestation constitutes "new evidence." Dkt. No. 1 at 2.

## I.     Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). On page 1 of her application, the plaintiff represents that she is not employed, not married and supports two children. Dkt. No. 2 at 1. On page 2, however, she states that she earns $400 a month and is "self employed" as a landlord of a rental unit that brings in $450 per month. <u>Id.</u> at 2. She reports paying $150 in alimony or child support and $780 in household expenses each month, for a total of $930 in monthly expenses. <u>Id.</u> at 2-3. She reports owning a home valued at $78,000 on

2

Case 2:19-cv-00970-PP    Filed 01/29/21    Page 2 of 10    Document 4

which there is no mortgage, $165 in savings and $147,000 in an IRA (which she describes as "yet to be received"). Id. at 3-4. The plaintiff explains that she recently divorced her husband and that she was "set to receive a settlements but funds have yet to be received." Id. at 4. The court is satisfied that at the time she filed the complaint, the plaintiff did not have the ability to prepay the filing fee.

This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' (emphasis added) but not without ever paying fees.").

**II. Screening**

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," has failed to state a claim upon which relief may be granted, or has sought monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and

3

the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### A. Facts Alleged in the Complaint

The plaintiff claims that she has "new evidence that a Waukesha County Child protective services social worker himself has been arrested and accused of child pornography and molestation." Dkt. No. 1 at 2. According to the plaintiff, on May 30 (she does not say what year), the FBI announced in a news release that Bernard Trokan of Merton had been charged with one count of possession of child pornography. Id. She alleges that Trokan had worked full-time as a social worker in the adolescent and family services division since August 2002. Id. She does not name Trokan as a defendant and does not allege that Trokan was involved with her case or her son's placement in the foster care system.

Instead, the plaintiff reiterates the same allegations made in prior complaints. She asserts that on or about September 26, 2018, her sixteen year-old son refused to come home from the residence of a thirty-six year old woman with whom he had been placed, and with whom she says "it was reported to Waukesha Child services" her son was having a sexual relationship. Id. She asserts that a temporary no-contact order was issued to someone named Erin Rooney (presumably the thirty-six-year-old woman), but that

4

Waukesha County social services refused to investigate, which caused the judge to dismiss the no-contact order. Id. She asserts that Rooney went without punishment "for holding a minor child in her home for three days without the permission of the Child's parent which should be a felony in the state of Wisconsin." Id.

The plaintiff next alleges that Waukesha County Protective Services refused to investigate her claim of child molestation when her son was placed with a man who was an alcoholic and who received his sixth DUI while acting as a foster parent to her son. Id. She asserts that this man had been reported to child protective services for molesting his own child. Id.

The plaintiff alleges that on or about October 10, 2018, someone from Waukesha County Protective Services allegedly called the Waukesha County Sheriff's Department claiming that the plaintiff threatened to kill an employee "in order not to address a videotape of a child reporting that they were being molested." Id. at 3. She also alleges that since February 2019, her son has had his child support confiscated by the state ("3,646"), while she and her ex-husband have provided for her son's full support. Id. Meanwhile, the plaintiff alleges that Daniel Murray, a contract guardian *ad litem* for the county, contributed to her son's abuse and neglect by diagnosing the plaintiff with a mental illness in open court, without credentials and with no evidence, which caused her son to be placed, without proper investigation, in the home of the alcoholic who had been accused of molesting his own child. Id.

According to the plaintiff, Waukesha County's abuse of power has caused her family to "lose a total of $606 per month in child support, damage to [her] credit report, unfairly charging [her] $150 per month for child support that is not going for the support of [her] child. Deformation to [her] character and caused irreversible damage to [her] family." Id. at 3-4 She seeks an order to "cease and assist the illegal chips petition, and address the abuse of power and harassment implemented by Maggie Sutton and Waukesha child protective services." Id. at 4. In her final paragraph, the plaintiff adds:

> The behavior may or may not be linked to racial or sexual discrimination considering, I, [the plaintiff] an African American female. It is the responsibility of the federal court to protect United States citizens from illegal actions taken by the state. Waukesha County's child protective services officers offers affinity to child pornography and child molesters this behavior should warrant further federal investigation into my personal matter and more.

Id.

The plaintiff indicates that she is suing under 28 U.S.C. §1331 and seeks "unpaid child support, relief of lost child support, legal fees and travel and to be made whole of defamation. Totally [$]10,842 plus cost." Id. at 7.

B. Analysis

As the plaintiff admits, this complaint raises the same claims raised in prior cases. In 2018, the plaintiff sued the City of Waukesha Police Department, Waukesha County Protective Services and Maggie Sutton. Bond v. City of Waukesha Police Department, *et al.*, Case No. 19-cv-1624. Judge Lynn Adelman adopted a magistrate judge's recommendation to dismiss the case because the plaintiff had failed to state a claim. Id. at Dkt. Nos. 5, 6. In the

6

recommendation, Magistrate Judge Nancy Joseph had explained to the plaintiff that federal courts are not authorized to hear child custody cases and that federal courts should abstain from hearing child custody matters. Id. at dkt. no. 5, p. 4 (citing Brand v. Zate, No. 18-C-326, 2018 WL 1342484 (E.D. Wis. Mar. 15, 2018); Ankenbrant v. Richards, 504 U.S. 689,703 (1992); *In re Burrus*, 136 U.S. 586, 593-94 (1890)). Judge Joseph also had explained why the plaintiff did not have a due process claim against Waukesha County Child Protective Services and pointed out that she had not pled discrimination. Id. at 5.

In 2019, the plaintiff sued Maggie Sutton, Waukesha Protective Services and the Waukesha School District on the ground that the defendants removed her minor child from her custody, lied about death threats and refused to investigate her claims about child abuse by foster parents who were alcoholics, molesters and/or convicted of drunk driving offenses. Bond v. Sutton, *et al.*, Case No. 19-cv-29, Dkt. No. 1 at 3-4. Judge J. P. Stadtmueller determined that the plaintiff's claims were barred by the doctrine of *res judicata* because a prior dismissal for failure to state a claim is a dismissal with prejudice unless the order states otherwise. Id. at 4 (citing Fed. R. Civ. P. 41(b)). In addition, Judge Stadtmueller dismissed the Waukesha School District because (1) federal courts do not have jurisdiction over child custody matters which result in a custody order, (2) the plaintiff failed to allege facts that would support a constitutional claim and (3) a school district is not liable under §1983 for the individual violations of its employees. Id. at 5.

In this complaint, the plaintiff has sued Waukesha Protective Services and Maggie Sutton for the third time. She is raising the same claims that have been dismissed with prejudice by other judges in this district. Those claims are barred by the doctrine of *res judicata* as explained to the plaintiff in Judge Stadtmueller's order of dismissal. Bond v. Sutton, *et al.*, Case No. 19-cv-29, Dkt. No. 7 at 4.

The plaintiff has not previously sued the State of Wisconsin. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State." The Supreme Court has drawn upon principles of sovereign immunity to construe the Amendment to "establish that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (quoting Employees v. Mo. Dept. of Public Health and Welfare, 411 U.S. 279, 280 (1973)). The State of Wisconsin has what is known as "sovereign immunity," which means it cannot be sued unless it consents to suit, and the state has not consented to suit here.

The plaintiff names Megan Fishler as a defendant but does not mention Fishler in the body of the complaint or explain what she believes Fishler did to her. The court will not allow the plaintiff to proceed against Fishler because the plaintiff has made no claims against Fishler.

The plaintiff also names Daniel Murray, identifying him as a contract guardian *ad litem*, not an employee of the county. The court will not allow the plaintiff to proceed against Murray for several reasons. First, the plaintiff made similar allegations in Case No. 18-cv-1624, including allegations that she was alleged to have schizophrenia and that her son was placed with an alcoholic, but she accused Sutton of such actions—not Murray. Second, Judges Stadtmueller, Adelman and Joseph have explained to the plaintiff that the court will abstain from interfering in child custody actions. Bond v. Sutton, *et al.*, Case No. 19-cv-29, dkt. no. 5 at 3; Bond v. City of Waukesha Police Dep't., *et al.*, Case No. 18-cv-1624, dkt. no. 5 at 4.

The plaintiff includes one final paragraph, speculating that all these actions may have occurred because she is a female, African American or both. The plaintiff has not stated a claim of discrimination—against anyone. Courts do not hold people liable because they "may or may not" have done something.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is dismissed with prejudice because the claims are barred by the doctrine of *res judicata*, because the State of Wisconsin is immune from suit, because the plaintiff has failed to identify any

9

personal involvement by some of the defendants she names and because the complaint fails to state a claim upon which relief can be granted.

Dated in Milwaukee, Wisconsin this 29th day of January, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**